# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KIMBERLY BONNER, | ) | |
| | ) | CIVIL ACTION NO.: |
| Plaintiff, | ) | |
| | ) | _____ |
| v. | ) | |
| | ) | |
| MOUNTAINVIEW | ) | JURY TRIAL DEMANDED |
| THOROUGHBRED RACING | ) | |
| ASSOCIATION, LLC, D/B/A | ) | |
| HOLLYWOOD CASINO AT | ) | |
| PENN NATIONAL RACE | ) | |
| COURSE, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, Kimberly Bonner, a resident of Dauphin County, Pennsylvania, by and through her attorneys, Weisberg Cummings, P.C., brings this civil action for damages against the above named Defendant, Mountainview Thoroughbred Racing Association, LLC, d/b/a Hollywood Casino at Penn National Race Course, demands a trial by jury, and complains and alleges as follows:

## JURISDICTION AND VENUE

1.      Jurisdiction of the claims set forth in this Complaint is proper in this judicial district pursuant to 28 U.S.C. §1331.

2.     Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this judicial district.

## THE PARTIES

3.     Plaintiff, Kimberly Bonner ("Ms. Bonner"), is an adult individual residing in Dauphin County, Pennsylvania.

4.     Defendant Mountainview Thoroughbred Racing Association, LLC, d/b/a Hollywood Casino at Penn National Race Course ("Penn National") is a Pennsylvania limited liability company, with a principal place of business located at 777 Hollywood Boulevard, Grantville, Dauphin County, Pennsylvania.

5.     At all times relevant and material hereto, Penn National owned and operated the Hollywood Casino, located at 777 Hollywood Boulevard, Grantville, Dauphin County, Pennsylvania.

6.     At all times relevant to this Complaint, Penn National employed in excess of fifteen (15) individuals.

## ADMINISTRATIVE PROCEEDINGS

7.     On or about April 15, 2020, Ms. Bonner filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), which was docketed as EEOC Charge No. 530-2020-04014,

alleging discrimination based on sex against her former employer, Penn National.

8.      Ms. Bonner indicated that the EEOC charge should be cross-filed with the Pennsylvania Human Relations Commission.

9.      Ms. Bonner has been advised of her individual right to bring a civil action by receiving a Notice of Rights from the EEOC, dated August 21, 2020.

10.     Ms. Bonner has exhausted the administrative remedies available to her, and all necessary and appropriate administrative prerequisites to the filing of this Complaint have occurred and been satisfied.[1]

## STATEMENT OF FACTS

11.     Ms. Bonner worked for Penn National in Food Services from July 2019 until her termination on or about December 13, 2019.

12.     Ms. Bonner had no write ups or warnings from July until October 2019.

---

[1]      Ms. Bonner intends to amend her Complaint to include a charge under the Pennsylvania Human Relations Act. That charge is not currently ripe, as Pennsylvania law requires that the charge be filed with the Pennsylvania Human Relations Commission for one year.  Accordingly, Mr. Bonner intends to amend her Complaint to add this charge on or after April 15, 2021.

13. In or about October 2019, it became known in the Food Services department that Ms. Bonner is a lesbian and that she was in a consensual relationship with a co-worker, Denise.

14. Once it became generally known in the Food Services department that Ms. Bonner is a lesbian, the Dining Manager, Maria, and Assistant Manager, Hope, became hostile towards Ms. Bonner. This hostile activity included berating Ms. Bonner with derogatory comments, cursing her out during her shifts, not allowing her to take bathroom breaks when another employee had her cashier spot covered (as pursuant to the casino policy), and treating Ms. Bonner in a different manner than all other cashiers. For instance, Ms. Bonner was the only individual to do buffet cleaning, Ms. Bonner got no breaks, and Ms. Bonner was subjected to varied scheduling hours even though she had a set schedule.

15. Additionally, the Dining Manager Maria specifically came to Ms. Bonner in front of a few co-workers and stated, "Hello non-lesbian!" When Ms. Bonner took offense to that statement, Maria replied that, "Well you can't be a lesbian, that's just impossible. You have kids." Ms. Bonner stated that she was indeed a lesbian, but was also a wonderful mother. Maria was disgusted by this and made it known amongst the workers in the dining area that Ms. Bonner's sexual orientation was disgusting.

16.     Subsequent to Maria's statements to Ms. Bonner, Hope began to curse at Ms. Bonner almost every shift as well. Ms. Bonner was not allowed to go on designated bathroom breaks or allowed breaks when she had a cashier cover for her. Ms. Bonner would be ostracized from other cashiers and given jobs that no other cashier was made to do as part of their job duties.

17.     Finally, in or about December 2019, Ms. Bonner was terminated allegedly for untrue and pretextual reasons related to alleged conduct back in October 2019; however, Ms. Bonner never received any warning, written notice or reprimands in October indicating that she had done anything wrong.

18.     Ms. Bonner was subjected to a hostile treatment and ultimately terminated a result of Maria's and Hope's negative attitudes towards her once they discovered that she was in a same-sex relationship, and particularly that she was a woman with children in a same-sex relationship.

19.     PennNational's actions towards and against Ms. Bonner violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* ("Title VII") because they discriminated against Ms. Bonner and harassed her on the basis of her sex and sexual orientation.

## COUNT I
## HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII

20.     The averments of Paragraphs 1 through 19 above are incorporated by reference as though fully set forth herein.

21.     Penn National created, permitted, tolerated, encouraged and fostered a hostile work environment based upon sex / sexual orientation, which was severe and pervasive during the final months of Ms. Bonner's employment.

22.     The acts of Penn National, and its officers, agents and employees manifesting and permitting this hostile work environment included derogatory comments and cursing at Ms. Bonner because of her sexual orientation, as well as assigning her less desirable tasks and providing her with working conditions which were materially worse than her co-workers who were not of a similar sexual orientation.

23.     The hostile environment was specifically created by Penn National's management, which took no meaningful or effective action to remediate the offending behavior or to remove the offending environment.

24.     As a consequence of the hostile work environment supported and encouraged by Penn National's actions and failures to act, Ms. Bonner was subjected to emotional distress, humiliation, ridicule and a negative

effect on her work product and ability to fully and effectively perform her job duties and responsibilities, all of which manifested itself in mental and physical distress, injury and damage.

25.     As a result of the hostile work environment, Ms. Bonner has suffered emotional distress, physical injury, a loss of self-respect and confidence, and has been subjected to great damage to her career and professional standing.

26.     The actions of Penn National set forth above constitute violations of Title VII.

WHEREFORE, Plaintiff, Kimberly Bonner respectfully requests this Honorable Court to enter judgment in her favor and against Defendant, Mountainview Thoroughbred Racing Association, LLC, d/b/a Hollywood Casino at Penn National Race Course, together with compensatory damages, punitive damages, reasonable attorneys' fees and costs, and any such other relief as this Honorable Court deems just and appropriate, which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

## COUNT II
## DISPARATE TREATMENT IN VIOLATION OF TITLE VII

27.     Paragraphs 1 through 26 above are incorporated herein by reference as if more fully set forth at length.

28.     Penn National discriminated against Ms. Bonner by treating her materially worse than similarly situated employees who did not share her sexual orientation, as described herein, and ultimately by terminating Ms. Bonner under a false pretext because of her sexual orientation.

29.     As a consequence of the discriminatory treatment supported and encouraged by Penn National's actions and failures to act, Ms. Bonner was subjected to emotional distress, humiliation, ridicule and a negative effect on her work product and ability to fully and effectively perform her job duties and responsibilities, all of which manifested itself in mental and physical distress, injury and damage.

30.     As a result of the discriminatory treatment, Ms. Bonner has suffered emotional distress, physical injury, a loss of self-respect and confidence, and has been subjected to great damage to her career and professional standing.

31.     As a result of the discriminatory and wrongful termination, Ms. Bonner has suffered economic loss, emotional distress, physical injury, a loss of self-respect and confidence, and has been subjected to great damage to her career and professional standing.

32.     The actions of Penn National set forth above constitute violations of Title VII.

WHEREFORE, Plaintiff, Kimberly Bonner respectfully requests this Honorable Court to enter judgment in her favor and against Defendant, Mountainview Thoroughbred Racing Association, LLC, d/b/a Hollywood Casino at Penn National Race Course, together with back pay and front pay, compensatory damages, punitive damages, reasonable attorneys' fees and costs, and any such other relief as this Honorable Court deems just and appropriate, which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

Respectfully submitted,

**Weisberg Cummings, P.C.**

September 14, 2020
Date

/s/ Larry A. Weisberg
Larry A. Weisberg  (PA 83410)
lweisberg@weisbergcummings.com

/s/ Derrek W. Cummings
Derrek W. Cummings (PA 83286)
dcummings@weisbergcummings.com

/s/ Steve T. Mahan
Steve T. Mahan (PA 313550)
smahan@weisbergcummings.com

2704 Commerce Drive, Suite B
Harrisburg, PA 17110
(717) 238-5707
(717) 233-8133 (FAX)

*Attorneys for Plaintiff*